**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

CENTRAL STATES, SOUTHEAST AND ) 
SOUTHWEST AREAS PENSION FUND; ) 
and CHARLES A. WHOBREY, as Trustee, ) 
                                     ) 
     *Plaintiffs-Judgment Creditors,*  )   Case No. 15 C 3894
                                     ) 
           v.                       )   Honorable Samuel Der-Yeghiayan
                                     )   District Judge
NEIL JEFFERIES, an individual; ) 
BETTY JEFFERIES, an individual, ) 
                                     ) 
     *Defendants-Judgment Debtors*. )

**PLAINTIFFS' MOTION TO REVIVE JUDGMENT**

Plaintiffs, through their attorneys, move this Court for revival of the Judgment entered against Defendants, and in support thereof, state as follows:

1.    Plaintiffs instituted this lawsuit against Defendants Neil Jefferies and Betty Jefferies seeking withdrawal liability due to the Central States, Southeast and Southwest Areas Pension Fund (the "Pension Fund") as a result of a complete withdrawal from the Pension Fund.

2.    This Court entered a Judgment on October 21, 2015, in favor of Plaintiffs and against Defendants, jointly and severally, in the total amount of $1,041,980.87 for withdrawal liability, interest, and statutory damages, plus post-judgment interest from the date of the judgment computed and charged on the entire judgment balance at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged compounded annually. (Dkt. No. 18) (A copy of the Judgment is attached hereto as Exhibit 1.)

3.      The Judgment remains unsatisfied.

4.      Rule 69 of the Federal Rules of Civil Procedure directs that Illinois law controls the manner in which judgments entered by this Court are executed. Under 735 ILCS 5/12-108, judgments may not be enforced beyond seven (7) years after the initial entry of judgment, unless revived as provided under 735 ILCS 5/2-1601 and in accordance with 735 ILCS 5/2-1602. A judgment may be revived by filing a petition in the original case in which the judgment was entered and providing notice of the petition to interested parties. 735 ILCS 5/2-1602(b) and (c).

5.      Plaintiffs submit this Motion as the petition contemplated by Illinois law and further submit that interested parties have been notified of this Motion as evidenced by the Certificate of Service attached hereto.

6.      To date, the Pension Fund has not collected any portion of the Judgment and the outstanding balance on the Judgment is $1,404,917.33 ($1,041,980.87 in principal and $362,936.46 in post-judgment interest calculated through September 15, 2020).

7.      Plaintiffs request that the Judgment be revived in accordance with 735 ILCS 5/2-1602 against all Defendants.

8.      Along with this Motion, Plaintiffs submit a proposed Order Reviving Judgment, a copy of which is attached hereto as Exhibit 2 and will be submitted electronically to the Court's proposed order inbox once the case has been reassigned to a new Judge.

**WHEREFORE**, Plaintiffs seek revival of the Judgment entered against Defendants on October 21, 2015, in accordance with the Federal Rules of Civil Procedure and 735 ILCS 5/2-1602.

Respectfully submitted,

/s/ Anthony E. Napoli
Anthony E. Napoli
Attorney for Plaintiffs
Central States Pension Fund
8647 W. Higgins Road, 8th Floor
Chicago, Illinois 60631
(847) 939-2469
ARDC # 06210910
September 9, 2020                              tnapoli@centralstates.org

## <u>CERTIFICATE OF SERVICE</u>

I, Anthony E. Napoli, one of the attorneys for Plaintiffs, certify that on September 9, 2020, I caused the foregoing Plaintiffs' Motion to Revive Judgment to be filed electronically. This filing was served on all parties indicated on the electronic filing receipt via the Court's electronic filing system.

/s/ Anthony E. Napoli
Anthony E. Napoli
Attorney for Plaintiffs